# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (this **"Agreement"**) is entered into as of the Effective Date by and between (a) iSun, Inc., a Delaware corporation (**"iSun"**), and (b) Sassoon M. Peress (**"Peress"**) and renewz sustainable solutions, Inc., a Canadian corporation, and its subsidiaries and affiliates (**"renewz"** and together with Peress, the **"Peress Parties"**). Collectively, iSun and the Peress Parties are referred to as the **"Parties."**

For good and valuable consideration, the receipt and sufficiency of which are acknowledged, and intending to be legally bound, iSun and the Peress Parties agree as follows:

**AGREED TERMS**

      1.      <u>Amendment of Merger Agreement</u>. The Parties have amended the Agreement and Plan of Merger and Reorganization, made by and among The Peck Company Holdings, Inc. (since renamed to "iSun, Inc."), Peck Mercury, Inc., iSun Energy LLC, and Peress dated January 19, 2021 (the "Merger Agreement") as set out in the First Amendment to Agreement and Plan of Merger and Reorganization, attached to this Agreement as <u>Exhibit A</u>.

      Pursuant to the amended Merger Agreement, iSun will issue Peress ▮▮▮▮ shares of iSun Common Stock (**"Common Stock"**) upon execution of this Agreement. Peress will retain the ▮▮▮▮ shares of Common Stock previously issued to him, and none of the shares of Common Stock held by Peress or the ▮▮▮ shares of Common Stock issued to his transferees will be subject to any lockup agreement or similar restrictions. All shares of Common Stock held by Peress and/or his transferees will be subject to an Amended and Restated Irrevocable Proxy, as set out in the amended Merger Agreement.

      Peress will provide at closing Amended and Restated Irrevocable Proxies executed by Peress and his transferees in form as provided in Exhibit D.

      Immediately following execution of this Agreement and the Amended and Restated Irrevocable Proxies, iSun will instruct its transfer agent to prepare and deliver a physical certificate for ▮▮▮▮ shares of Common Stock without a legend referencing a lock-up restriction in the name of Peress. Following receipt from the transfer agent, the share certificate will be delivered promptly to attorneys for Peress and his transferees, Lynn, Lynn, Blackman & Manitsky, P.C.

      2.      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



3.

4. 

5.

    (a)

    (b)

    (c)

    (d)

    (e)



6.

7.

8.

9.

    10.    <u>Confidentiality of Agreement</u>. Subject to the permissible disclosure set forth in Section 11 of this Agreement, the Peress Parties expressly understand and agree that this Agreement and its contents (including, but not limited to, the fact of payment and the amounts to be paid under this Agreement) are and will remain CONFIDENTIAL and will not be disclosed to any third party whatsoever, except the Peress Parties' counsel, accountants, financial advisors, tax professionals retained by them, any applicable governmental taxing or regulatory authority, and the Peress Parties' management and officers with a need to know, and except as required by law or order of any court. Any

person identified in the preceding sentence to whom information concerning this Agreement is disclosed is bound by this confidentiality provision and the Peress Parties will be liable for any breaches of confidentiality by persons to whom he/she/it has disclosed information about this Agreement in accordance with this Section. Nothing contained in this Section will prevent a Peress Party from stating that the Parties have "amicably resolved all differences," provided, however, that in so doing, the Peress Parties will not disclose the fact or amount of any payments made or to be made under this Agreement and will not disclose any other terms of this Agreement or the settlement described in this Agreement. If any subpoena, order, or discovery request (the **"Document Request"**) is received by any Peress Party calling for the production of the Agreement, such Peress Party will promptly notify iSun prior to any disclosure of same. In such case, the subpoenaed Peress Party shall: (a) make available as soon as practicable (and in any event prior to disclosure), for inspection and copying, a copy of the Agreement it intends to produce pursuant to the Document Request unless such disclosure is otherwise prohibited by law; and (b) to the extent possible, not produce anything in response to the Document Request for at least ten (10) business days following such notice. If necessary, the subpoenaed Peress Party will take appropriate actions to resist production, as permitted by law, so as to allow the Parties to try to reach agreement on what will be produced.

11. 

12.     Agreement is Legally Binding. The Parties intend this Agreement to be legally binding upon and will inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates. Moreover, the persons and entities referred to in Section 5 above, but not a Party, are third-party beneficiaries of this Agreement.

13.     Entire Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning its subject matter. Furthermore, no modification of this Agreement will be binding unless in writing and signed by all of the Parties.

14.     New or Different Facts: No Effect. Except as provided in this Agreement, this Agreement will be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement will be construed as, or constitute, a release of any Party's right to enforce the terms of this Agreement.

15.     Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions will not be affected thereby and said illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement so long as the intent of this Agreement is maintained. The headings within this Agreement

are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement will not be construed against either Party as the author or drafter of the Agreement.

      16.     Choice of Law: This Agreement and all related documents, including all attached exhibits, and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute are governed by, and construed in accordance with, the laws of the State of Delaware, United States of America (including its statutes of limitations and choice of law statutes), without giving effect to the conflict of law provisions to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Delaware.

      In the event of any litigation, the prevailing party will be entitled to recover its reasonable attorneys' fees and other costs.

      17.     Choice of Forum: The applicable state or federal courts of Vermont will be the exclusive forums for litigation arising out of this Agreement. All Parties consent to personal and subject matter jurisdiction of such courts, will not contest venue in Burlington, Vermont, and consent to service of process by notice sent via confirmed overnight mail or courier service to:

if to a Peress Party:

Mr. Sassoon M. Peress
7501 Mountain Sights, Apt. 505
Montreal, Quebec H4P 0A8 Canada

with a copy to:

Lynn, Lynn, Blackman & Manitsky, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05401
Attn: Pietro Lynn, Esq.

if to iSun:

iSun, Inc.
400 Avenue D, Suite 10
Williston, VT 05495
Attn: Jeffrey Peck, CEO

with a copy to:

Merritt & Merritt
60 Lake Street, Second Floor
PO Box 5839
Burlington, VT 05402
Attn: H. Kenneth Merritt, Jr., Esq.

      18.     Reliance on Own Counsel. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own

choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

19.    Counterparts. This Agreement may be executed by the Parties in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

20.    Authority to Execute Agreement. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities.

21.    Effective Date. The terms of the Agreement will be effective when executed by all Parties (the **"Effective Date"**).

**READ THE FOREGOING DOCUMENT CAREFULLY. IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.**

[*SIGNATURE PAGE FOLLOWS*]

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties has caused this Agreement to be executed as of November 28, 2022 (the "Effective Date")

iSun, Inc.

By: *Jeffrey Peck*

Jeffrey Peck, CEO

renewz sustainable solutions, Inc.

By:_____

Sassoon M. Peress, President

_____

Sassoon M. Peress

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

8

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties has caused this Agreement to be executed as of November 28, 2022 (the "Effective Date")

iSun, Inc.

By:_____
Jeffrey Peck, CEO

renewz sustainable solutions, Inc.

By: *SAss peress*
SAss peress (Jan 12, 2023 11:53 EST)
Sassoon M. Peress, President

*SAss peress*
SAss peress (Jan 12, 2023 11:53 EST)
Sassoon M. Peress

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

8